RECEIPT # 59043
AMOUNT $
SUMMONS ISSUED 1
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 10-13-04

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED IN CLERKS OFFICE
2004 OCT 12 A 11: 44
DISTRICT COURT OF MASS.

| | |
|---|---|
| Comcast of Southern New England, Inc. ("Comcast")<br><br>Plaintiff,<br><br>vs.<br><br>Maria Casiello<br><br>Defendant | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF 47 U.S.C. §553**<br><br>**04-12155 RWZ**<br><br>MAGISTRATE JUDGE Collings |

## NATURE OF ACTION

1. Plaintiff Comcast of Southern New England, Inc. ("Comcast") brings this Complaint to redress injuries that it has suffered as a result of Defendant Maria Casiello's (hereinafter the "Defendant") cable television signal piracy.

2. The Defendant's use of one (1) statutorily prohibited electronic device that descrambled and intercepted Comcast's cable television signals violated provisions of Title 47 U.S.C. § 553 and effectuated a conversion of the Plaintiff's property, its cable television signals.

## PARTIES

3. Comcast is a Massachusetts corporation and maintains a place of business at 6 Campanelli Drive, Andover, Essex County, Massachusetts.

4. The Defendant was and is an individual with her principal residence at 249 Apache Way, Tewksbury, MA 01876. Upon information and belief, the Defendant resided at 249 Apache Way, Tewksbury, MA at all times relevant to the said violations of 47 U.S.C. § 553.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 47 U.S.C. § 553.

1

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1331. Venue is proper in the United States District Court in and for the District of Massachusetts pursuant to 28 U.S.C. § 1391(b).

**GENERAL ALLEGATIONS**

7. Comcast provides cable television services to subscribers in the Tewksbury area, and other areas in Massachusetts pursuant to franchise agreements with various municipalities.

8. Comcast is the successor-in-interest to the legal entity that held the prior cable television franchise in this area, and, as such successor, Comcast has the right to pursue the claims set forth herein even if said claims may have accrued during the time that the predecessor-in-interest held the cable television franchise.

9. In order to provide cable television services, Comcast pays fees to programmers for the right to receive programs, mostly by way of interstate radio communications, and transmit their programming over Comcast's system

10. The signals that Comcast transmits over its system are private, proprietary communications not intended for public use.

11. Subscribers pay Comcast based on the level of service they wish to receive.

12. In order to protect its signals and maintain the value of its services, Comcast electronically encodes or scrambles some of its signals so that they must first be decoded by electronic decoding equipment in order to be viewed clearly on a television receiver. The signals Comcast encodes or scrambles include premium channels, such as HBO, Showtime, and Cinemax, for which subscribers pay a separate monthly subscription fee, and pay-per-view events, such as a specific movie, concert or sporting event, for which subscribers pay a specific one-time

charge to view each event. Comcast provides subscribers with electronic decoding equipment (hereinafter referred to as "decoders") to decode these signals. Comcast programs these decoders so that a subscriber may only view that level of service, which he or she has purchased.

13. On or before October 11, 2001, the Defendant or some third party modified certain decoder, without Comcast's authorization, thereby creating a descrambling device.

14. The descrambling device was capable of defeating Comcast's encoding and scrambling technology.

15. The Defendant used the descrambling device to receive, without authorization, scrambled or encoded programming and services offered over Comcast's system.

16. By using the unauthorized and illegal descrambling device, the Defendant was able to view Comcast's highest level of cable television programming and service, including premium channels and pay-per-view events, while only paying for a lower level of service.

## COUNT I
### (Violation 47 U.S.C. § 553)

17. Comcast realleges and incorporates by reference paragraphs 1 through 16 above.

18. The Defendant's conduct violated Title 47 U.S.C. § 553(a).

19. Comcast is a person aggrieved by the Defendant's violation of Title 47 U.S.C. §553 and is authorized to institute this action pursuant to Title 47 U.S.C. § 553(c)(1).

20. The cable transmissions that make up Comcast's signal are communications services offered over a cable system and, as such, are protected by Title 47 U.S.C. § 553.

21. The Defendant knowingly and willfully violated Title 47 U.S.C. § 553.

22. Comcast did not authorize or consent to the Defendant's interception and use of its cable transmissions.

23. The Defendant's violations have injured Comcast's ability to generate revenue by depriving Comcast of payment for its programming.

### COUNT II

### (Conversion)

24. Comcast realleges and incorporates by reference paragraphs 1 through 23.

25. The Defendant exercised dominion and control over the Plaintiff's property, its cable television signals, without authorization or legal right to do so.

26. The Defendant's conduct was willful, intentional, malicious, and wrongful, with the intent to deprive the Plaintiff of the right to possession of its cable television signals.

27. As a direct and proximate result of the Defendant's conversion of the Plaintiff's signals the Plaintiff has suffered monetary damages; accordingly, the Defendant is liable for all of the Plaintiff's damages.


**WHEREFORE**, Comcast prays for Judgment against the Defendant and requests that the Court grant it the following relief:

1. Statutory damages of $10,000.00 for each violation of 47 U.S.C. § 553(a), totaling $10,000.00.

2. Money damages in favor of the Plaintiff for all damages the Plaintiff has suffered as a result of the Defendant's conversion;

3. Comcast's attorney's fees and costs in prosecuting this lawsuit as provided for by

4

47 U.S.C. 553(c)(2)(C);

4. The issuance of a permanent injunction pursuant to provisions of 47 U.S.C. § 553 utilizing the following language or language of a similar nature:

> "The Court hereby enjoins the Defendant, the Defendant's respective agents, servants, employees and any person or entity controlled directly or indirectly by the Defendant or acting on the Defendant's behalf from the further use and/or distribution of electronic equipment designed for the unauthorized interception of signal in violation of provisions of Title 47."

5. Post judgment interest pursuant to 26 U.S.C. § 1961; and

6. Such other and further relief as this Court may deem just and proper.

Respectfully Submitted for the Plaintiff,
Comcast of Southern New England, Inc.
By Its Attorney,

_10/7/04_
Date

_/s/ John M. McLaughlin_
John M. McLaughlin
**Green, Miles, Lipton & Fitz-Gibbon**
77 Pleasant Street
P.O. Box 210
Northampton, MA 01061
Telephone: (413) 586-0865
BBO No. 556328

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Comcast of Southern New England, Inc.** )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>**Maria Casiello** )<br>)<br>Defendant )<br>_____ ) | Case No.:<br><br>CORPORATION DISCLOSURE<br>STATEMENT |

**Pursuant to LR, D. Mass 7.3,** the filing party, Comcast of Southern New England, Inc. (hereinafter "Comcast"), a non-governmental corporation, identifies the following parent corporation and any publicly held corporation that owns 10% or more of its stock:

1. Comcast of Southern New England, Inc., is a Massachusetts Corporation and maintains offices at 6 Campanelli Drive Andover, MA;

2. Comcast of Southern New England, Inc. is wholly owned by Comcast of Georgia/Massachusetts, Inc.

Respectfully Submitted for the Plaintiff,
Comcast of Southern New England, Inc.
By Its Counsel,

_____          _____
Date                                                        John M. McLaughlin
                                                                **Green, Miles, Lipton & Fitz-Gibbon**
                                                                77 Pleasant Street
                                                                P.O. Box 210
                                                                Northampton, MA 01061
                                                                Telephone: (413) 586-0865
                                                                BBO No. 556328

1