UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS (Eastern Division)

| | |
|---|---|
| **Comcast of Southern New England, Inc.** ("Comcast")<br><br>Plaintiff,<br><br>vs.<br><br>**Maria Casiello**<br><br>Defendant | Case No.: 04-12155-RWZ<br><br>**JOINT STATEMENT OF THE PARTIES PURSUANT TO LOCAL RULE 16.1(d)** |

Now come the Plaintiff, Comcast, and the Defendant, Maria Casiello and pursuant to Local Rule 16.1(d), do hereby submit the following Joint Statement to this Honorable Court.

### I. PARTIES' CONFERENCE

John M. McLaughlin, Counsel for the Plaintiff and Mark E. Burke, Counsel for the Defendant, do hereby certify that they have teleconferenced, on the issues required be discussed pursuant to this rule on December 9, 2004.

### II. SETTLEMENT PROPOSAL

Counsel for the Defendant, does hereby certify that he received a Settlement Proposal from the Plaintiff accompanying the Joint Statement, pursuant to Local rule 16.1(c). Counsel for the Plaintiff does hereby certify that he presented said Settlement Proposal to the Defendant. At this time, the Defendant is not in a position to accept the Plaintiff's demand for settlement of the above matter.

### III. MEDIATION

The Plaintiff agrees to submit this dispute to non-binding mediation before the Senior

Judge or Magistrate or Panel Member pursuant to Local Rule 16.4(c)(4).

### IV. JOINT STATEMENT AS TO DISCOVERY/MOTIONS

The following represents the Agreement of the Parties and is submitted to the Court such that the Court can utilize same in devising the Scheduling Order.

1.  **First Phase** of Discovery, **Non-expert Depositions and Paper Discovery**, to be completed by March 31, 2005.

    The Parties propose that the first phase of discovery be for developing information needed for a realistic assessment of the case. This can best be achieved through Non-expert depositions and written discovery.

    The depositions of non-expert witnesses shall not exceed seven (7) hours per witness unless leave of the Court has been obtained or a written stipulation of the parties has been entered into to exceed said seven (7) hour limitation. The parties may also utilize subpoena duces tecum in conjunction with these non-expert depositions.

    The Parties propose that the written discovery shall include, but not limited to, interrogatories, requests for production, and requests for admissions. Pursuant to Fed. R. Civ. P. 33, interrogatories shall be limited to 25 in number, including sub-parts. Pursuant to Fed. R. Civ. P. 34, each person shall have the opportunity to submit two sets of requests for production of documents and things to the other party.

2.  **Second Phase** of Discovery, **Expert Discovery**, to be completed by July 31, 2005.

    a.  The Parties propose that the second phase of discovery is expert discovery. To that end, the parties propose that the Plaintiff shall disclose to the Defendant all experts relied upon by said Plaintiff in its instant case no later than May 1,

2005. The Defendant shall disclose to the Plaintiff all experts relied upon by the Defendant no later June 1, 2005.

 b. The parties shall then have the right to conduct written expert discovery; this written discovery is in addition to the written discovery conducted in phase one. Written expert discovery shall be served by the close of business July 1, 2005. The interrogatories of experts shall be no longer than fifteen questions, including sub-parts. Each party shall be entitled to one set of request for production of documents concerning the designated experts. Expert discovery is still subject to the usual obligations and privileges.

 c. The parties shall schedule all expert depositions to be held no later than August 17, 2005.

 d. During the second phase of discovery, which is presumably for expert discovery, each party shall also have the right to at least four (4) additional hours of non-expert depositions. These depositions will be in addition to depositions referenced in earlier phases of discovery.

3. <u>Motions</u>

 a. With respect to motions, the parties submit that any motions filed under Fed. R. Civ. P. 12, 13, 14, and 15 shall be filed no later than September 30, 2005 (taking into account that the second and presumably the final phase of discovery may be extended if there is a party added or if there had been time added due to a discovery controversy). Furthermore, motions pursuant to Fed. Civ. P. 56 shall be filed no later than October 14, 2005 (again taking into account that the final phase of discovery may be extended if there is a party added or if there had been time added due to a discovery controversy).

## V.    CERTIFICATION

Counsel for the Plaintiff, Counsel for the Defendant and the Parties certify by their signatures below and all pursuant to Local Rue 16.1(d) that each Party and said Parties Counsel have conferred as to:

1. Establishing a budget for the cost of conducting the full course and various alternative courses of litigation; and,

2. To consider the resolution of litigation to the use of alternative dispute resolution programs.

Respectfully Submitted for the Plaintiff,
By Its Attorney,

12/9/04
Date

/s/ John M. McLaughlin
John M. McLaughlin
**GREEN, MILES, LIPTON & FITZ-GIBBON**
77 Pleasant Street
P.O. Box 210
Northampton, MA 01061-0210
Telephone: (413) 586-0865
BBO No. 556328

_____    _____
Date                       Deena Jarosz, Settlement and Collections Manager

Respectfully Submitted for the Defendant By Her Attorney,

Mark E. Burke
Law Offices of Mark E. Burke
111 South Bedford Street, Suite 208
Burlington, MA 01803
(781) 273-3801

The Defendant,

Maria Casiello